Jackson, C. J.
1. The old idea of starving juries to coerce a verdict has passed away, and the judge is empowered to furnish refreshments at the expense of the county. It was, therefore, error for the court to state, in effect, after the jury had been out all night without supper or breakfast, that they would not be allowed their meals except at their own expense. This operated as a threat to starve süch as had no money into finding a verdict, and resulted in a speedy finding. Code, §3947; 37 Ga., 195.
2. A new trial' should have been granted also, because the verdict was contrary to law and the evidence.
(a) If a foreman or “boss” in a tailor shop went on a spree, neg *127 lected his business and carried other employees with him, bis employer might have discharged or reprimanded him, and neither would give him the right to recover against such employer.
S. H. Jemison, for plaintiff.'
Gustin & Hall, for defendant.
(b) If necessary, the pleadings may be. amended so as to set out fully the issues between the parties.
Judgment affirmed.